IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUSSELL PERRY II, | |
| Plaintiff, | **8:23CV121** |
| vs. | |
| | **MEMORANDUM AND ORDER** |
| COX COMMUNICATIONS, PAMELA L., Executive Resolution Specialist; and LEA ANN SUMRALL, Fraud Analyst; | |
| Defendants. | |

| | |
|---|---|
| RUSSELL PERRY II, | |
| Plaintiff, | **8:23CV122** |
| vs. | |
| | **MEMORANDUM AND ORDER** |
| LEXIS NEXUS, | |
| Defendant. | |

| | |
|---|---|
| RUSSELL PERRY II, | **8:23CV125** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| EXPERIAN CREDIT BUREAU, | |
| Defendant. | |

The above-captioned cases are before the Court on Plaintiff Russell Perry II's ("Perry" or "Plaintiff") Motion to Consolidate, Motion for Hearing, Amended Complaint, and Motion for Temporary Restraining Order and Preliminary Injunction. *See, e.g.*, Filing Nos. 8, 10, 11, & 12, Case No. 8:23CV121; Filing Nos. 12, 14, 15, & 16, Case No. 8:23CV122;

Filing Nos. 8, 10, 11, & 12.[1]  For the reasons that follow, the Court shall consolidate Case Nos. 8:23CV121, 8:23CV122, and 8:23CV125 and grant Plaintiff leave to file his Amended Complaint, which the Court will consider the operative pleading in these three consolidated cases.  Upon initial review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court finds Plaintiff has alleged claims upon which relief may be granted, and this matter may proceed to service of process.  Plaintiff's other pending motions are denied as set forth below.

## I. BACKGROUND

On March 30, 2023, Perry filed complaints in the three cases above, as well as a fourth case at Case No. 8:23CV120, and was given leave to proceed in forma pauperis in each case.  Perry sued Russell S. Brown ("Brown"), Cox Communications ("Cox"), LexisNexis ("Lexis"),[2] and Experian Credit Bureau ("Experian") in Case Nos. 8:23CV120, 8:23CV121, 8:23CV122, and 8:23CV125, respectively.  *See* Filing No. 1, Case No. 8:23CV120; Filing No. 1, Case No. 8:23CV121; Filing No. 6, Case No. 8:23CV122, and Filing No. 1, Case No. 8:23CV125.  Perry alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x, in each case arising from Brown's use of Perry's social security number in 2015 to open an account with Cox, which Perry discovered after he was denied an employment opportunity due to a background check that inaccurately contained criminal and debt history belonging to Brown.

On July 24, 2023, Perry filed a Motion to Consolidate all four cases because "the issues set forth in each of the petitions are nearly identical. . . . [and] seek[] the same

---

[1] For ease of reference, citations to the record will be to Case No. 8:23CV121 unless otherwise noted.

[2] Perry uses multiple spellings of Defendant Lexis' name, *see, e.g.*, Filing No. 6, Case No. 8:23CV122, but the Court will utilize the correct spelling, "LexisNexis," in this order.

Enforcement of the Fair Credit Reporting Act issued to the same respondent." Filing No. 10 at 2. Perry also filed what he titled a Motion for Hearing, Filing No. 11, in which he again asks the Court for an order consolidating the four actions and, liberally construed, moves to amend his complaint in anticipation of the cases being consolidated. To that end, Perry has filed an Amended Complaint naming Brown, Cox, Lexis, and Experian as defendants. Filing No. 12. In addition, Perry filed a Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction against the defendants named in the Amended Complaint. Filing No. 8.[3]

In a separate order entered on August 16, 2023, the Court reviewed Perry's complaint and motion to consolidate in Case No. 8:23CV120, concluded that consolidation of that matter with the three above-captioned cases was not warranted, and dismissed Perry's action against Brown for lack of subject matter jurisdiction. Filing No. 18, Case No. 8:23CV120.

## II. CONSOLIDATION

Federal Rule of Civil Procedure 42(a) allows the Court to consolidate cases involving common issues of law or fact as a matter of convenience and economy in judicial administration. Fed. R. Civ. P. 42(a). The consent of the parties is not required by Rule 42(a) for consolidation. 9A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2383 (3d ed. West 2023). When ruling on a motion to consolidate, the Court must weigh the saving of time and effort that would result from consolidation against any inconvenience, expense, or delay that it might cause. Wright & Miller, *supra*, § 2383.

---

[3] On August 14, 2023, Perry filed essentially identical Motions for Temporary Restraining Order and Permanent Injunction in the three above-captioned cases, which the Court will address below. Filing No. 17, Case No. 8:23CV121; Filing No. 20, Case No. 8:23CV122; Filing No. 16, Case No. 8:23CV125.

"[D]istrict courts generally take a favorable view of consolidation . . . ."  *Id.*  Whether to grant a motion to consolidate is within the sound discretion of the Court.  *United States Envtl. Prot. Agency v. Green Forest*, 921 F.2d 1394, 1402–03 (8th Cir. 1990).

After reviewing each of the cases at issue, the Court concludes that consolidation is appropriate with respect to cases 8:23CV121, 8:23CV122, and 8:23CV125.  These three cases involve common questions of law and fact, as Perry seeks relief from Cox, Lexis, and Experian for violations of the FCRA.  Accordingly, Perry's Motion to Consolidate is granted as to Case Nos. 8:23CV121, 8:23CV122, and 8:23CV125.  However, for the reasons stated in the Court's Memorandum and Order entered in Case No. 8:23CV120, *see* Filing No. 18, Case No. 8:23CV120, Perry's Motion to Consolidate is denied with respect to Case No. 8:23CV120.  Case Nos. 8:23CV121, 8:23CV122, and 8:23CV125 are consolidated with Case No. 8:23CV121 being designated as the "Lead Case," and Case Nos. 8:23CV122 and 8:23CV125 being designated as "Member Cases."  Perry is instructed to file all future filings in this matter under Case No. 8:23CV121 only, and the Court will instruct the Clerk of Court to accept no further filings in Case Nos. 8:23CV122 and 8:23CV125.

## II.  AMENDED COMPLAINT

In light of these matters being consolidated, the Court finds that Plaintiff's request to amend his complaint contained within his Motion for Hearing, Filing No. 11, should be granted.  *See* Fed. R. Civ. P. 15(a) (a district court should freely give leave to amend a complaint when justice so requires).  The Amended Complaint, Filing No. 12, will be considered the operative pleading.[4]  The Court now conducts an initial review of the

---

[4] Perry's original Complaint in Case No. 8:23CV121 named Cox and two Cox employees, Pamela L. and Lea Ann Sumrall, as defendants.  Filing No. 1.  Because the Amended Complaint omits both Cox employees

4

Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## A. Summary of Amended Complaint

In March 2022, Perry applied for a position with InterMountain Management doing business as Staybridge Suites (hereinafter "IMM"). As part of the application process, IMM purchased a consumer report on Perry from Five Diamond Screening LLC (hereinafter "FDS"). IMM sent a copy of FDS' consumer report to Perry on March 28, 2022, and Perry saw that it contained "inaccurate, fraudulent, impersonating, incomplete, and obsolete information." Filing No. 12 at 5–6, ¶¶ 20–21. Specifically, FDS reported that Perry had an alias of "Russell Brown" or Russell S. Brown," had been found guilty of three felony charges, and attributed a criminal charge from 1986 to Perry, even though Perry was born years after 1986. *Id.* at 6–7, ¶¶ 23, 29. Based on FDS' report, IMM informed Perry that "it would not hire him for the position because he did not pass the background check." *Id.* at 8, ¶ 34. Perry filed a dispute with FDS, which conducted a reinvestigation into the disputed records and issued an amended consumer report to IMM, confirming that the criminal cases were not Perry's and deleting from the report "the alias of 'Russell Brown' . . . , the three erroneous and incomplete felony convictions, and the one erroneous, incomplete, and obsolete charge from before . . . Perry was born." *Id.*, ¶¶ 37–39. Despite being deemed eligible for hiring in the amended report, *Id.*, ¶ 38, "IMM has not responded to Mr. Perry's attempts to communicate about starting the job," *Id.* at 9, ¶ 40.

---

from the named defendants, the Court will dismiss Pamela L. and Lea Ann Sumrall as defendants in Case No. 8:23CV121, and they will no longer be parties to this action.

After IMM did not hire him, Perry began to investigate the "impersonation, fraud, and identity theft" that Brown committed without Perry's permission or knowledge.  *Id.*, ¶ 41.  On or about June 7, 2022, Perry discovered that Brown had opened a fraudulent account with Cox using Perry's social security number, the account was billed to Brown at an address in Bellevue, Nebraska, and Brown accumulated a debt of $1,574.23 between May 20, 2015 and September 14, 2015, which was reported to collections agency Credence Resource Management, also known as Credence Global Solutions ("Credence"), and inaccurately attributed to Perry's "collection report/record."  *Id.* at 9–10, ¶¶ 42, 45.  Cox never notified Perry of any debt or about the account that was opened under Perry's social security number.  *Id.* at 10, ¶ 45.  Perry disputed the inaccurate information with Cox, and Cox denied Perry's fraud claim, despite Perry providing proof of identification and proof of residency between May 20, 2015 and September 14, 2015.  *Id.* at 9–10, ¶¶ 43–44.

The inaccurate information from Brown also appeared on a background check Perry was required to undergo in 2021 by the property management group of his current housing.  *Id.* at 11, ¶ 47.  Perry disputed the inaccurate information and was required to submit supporting documents to LeasingDesk Screening, the company that performed the background check.  Perry continues to reside in his current housing, but the inaccurate information about Brown continues to appear on the updated background check Perry underwent in 2022.  *Id.* at 11–12, ¶ 49.

Beginning on or about July 21, 2022, Perry filed reports with the Lexington and Omaha Police Departments stating that Brown is using Perry's identity, and Lexington

Police Department officers confirmed that Perry and Brown are not the same person. *Id.* at 10–11, ¶ 46.

Perry has notified Cox, Lexis, and Experian (collectively "Defendants") and "disputed multiple times" the inaccurate information affecting his employment, housing, and consumer and credit report. *Id.* at 9, ¶ 42. On or about June 7, 2023, Perry visited the law library at Creighton University in Omaha, Nebraska, and told a law professor "what was occurring to [Perry's] consumer/background/credit reports." *Id.* at 12, ¶ 51. The professor ran a public records search on Lexis for Perry's social security number and name, which revealed the same fraudulent information and, as Perry alleges, "proves FCRA violations from defendants." *Id.*

Perry alleges Cox, Lexis, and Experian violated the FCRA by reporting non-conviction criminal record information about Perry that antedated the report by more than seven years; failing to maintain reasonable procedures to avoid reporting obsolete, adverse public record information about Perry; failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Perry's consumer report; failing to notify Plaintiff it was reporting public record information about him and failing to maintain strict procedures to ensure that the public record information it was reporting was complete and up to date; failing to conduct investigations and review all relevant information after receiving notice of Perry's dispute; and failing to perform a reasonable reinvestigation after Perry directly notified them orally and in writing that he disputed the information on his credit/consumer report. Additionally, Perry alleges state

law claims of negligence, tortious interference with employment, and defamation against Cox, Lexis, and Experian.  *Id.* at 19–23.[5]

As relief, Plaintiff seeks "injunctive relief, as well as compensatory, emotional, and punitive damages."  *Id.* at 5, ¶ 12; *see also Id.* at 28–29.

## B. Applicable Standards on Initial Review

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim,' and a general indication of the type of litigation involved.'"  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

---

[5] Perry also asserts claims of defamation, tortious interference with employment, and identity theft against Defendant Brown under Nebraska law.  Filing No. 12 at 18–22.  Because the Court has dismissed Perry's separate case against Brown (Case No. 8:23CV120) and denied his motion to consolidate Case No. 8:23CV120 with the three cases at issue here, Perry's claims against Brown in the Amended Complaint will be dismissed without prejudice.

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).  This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).  However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980).

## C.  Discussion

Perry alleges Cox, Lexis, and Experian violated the FCRA

> when [they] published inaccurate and incomplete information [where Brown's] criminal record, name and address was improperly connected to Plaintiff causing a false criminal record which included obsolete non-conviction criminal record information about Plaintiff Mr. Perry in an employment background report before Mr. Perry was born. . . . [and] false addresses where the Plaintiff never resided.  As [a] result [of] the Defendant's [sic] false reporting to Plaintiff['s] consumer reports [and] inclusion of this information in numerous consumer reports[,] Plaintiff Mr[.] Perry[] lost a job opportunity and suffered emotional distress.

Filing No. 12 at 4–5, ¶ 12.

"Congress enacted the FCRA 'to address a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.'" *Boyd v. Experian*, No. 4:23-CV-0013 JMB, 2023 WL 346004, at *3 (E.D. Mo. Jan. 20, 2023) (quoting *McIvor v. Credit Control Services, Inc.*, 773 F.3d 909, 915 (8th Cir. 2014)).  *See also Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008) (explaining that the FCRA "was enacted in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and

protect consumer privacy"); *Hauser v. Equifax, Inc.*, 602 F.2d 811, 914 (8th Cir. 1979) (explaining that the FCRA is not meant to provide comprehensive regulation of the consumer reporting industry, but instead establishes a broad minimum standard of reasonable procedures that must be adopted by reporting agencies).

"The FCRA applies to 'consumers' and 'consumer reports,'" *Weber v. Specialized Loan Servicing, LLC*, 627 F. Supp. 3d 538, 544 (E.D.N.C. 2022) (citing 15 U.S.C. §§ 1681 *et seq.*), as well as to consumer reporting agencies ("CRA") which are "companies that regularly disseminate information bearing on an individual's 'credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 335 (2016) (quoting 15 U.S.C. § 1681a(d)(1)).  *See also* 15 U.S.C. § 1681a(f).  The FCRA places responsibilities on CRAs and those that furnish them with information.  *McIvor*, 773 F.3d at 915.  The "FCRA has several mechanisms to protect consumer credit information, some of which apply to credit reporting agencies while others apply to users of the information provided by those agencies." *Poehl*, 528 F.3d at 1096.  Additionally, "[t]he FCRA imposes civil liability on any person who willfully or negligently fails to comply with any of the Act's requirements with respect to a consumer." *Hurocy v. Direct Merchants Credit Card Bank, N.A.*, 371 F. Supp. 2d 1058, 1059 (E.D. Mo. 2005) (citing 15 U.S.C. §§ 1681n and 1681o).

With this background in mind, the Court now examines each of Perry's claims raised under the FCRA.

### 1. Count I – *15 U.S.C. § 1681c*

Perry alleges Cox, Experian, and Lexis violated 15 U.S.C. § 1681c "by reporting non-conviction criminal record information about [Perry] that antedated the report by more than seven years." Filing No. 12 at 13, ¶ 54. Section 1681c provides, in relevant part:

> no consumer reporting agency may make any consumer report containing any of the following items of information: . . . (2) Civil suits, civil judgments, and records of arrest that, from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period. . . . [or] (5) Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years.

15 U.S.C. § 1681c(a)(2), (5).

In his Amended Complaint, Perry alleges FDS attributed a District Court of Douglas County criminal charge filed in 1986 to Perry in its initial report to IMM but "reported no crime, disposition, sentence, or any other information about the charge." Filing No. 12 at 7, ¶¶ 29–32. Liberally construing Perry's Amended Complaint, the Court can infer that Experian and Lexis, who Plaintiff alleges are both CRAs, Id. at 3, ¶¶ 6–7, have included this same information about a 1986 criminal charge in Perry's consumer reports. Perry alleges that he has disputed the inaccurate information on his report with both Experian and Lexis, Id. at 9, ¶ 42, and that a recent public records search on Lexis for Perry's social security number and name revealed the same fraudulent information "that's been on previous reports." Id. at 12, ¶ 51.

Based on these facts and the liberal construction afforded pro se litigants' pleadings, the Court finds Plaintiff has stated a claim for relief for a violation of 15 U.S.C. § 1681c. See *Haley v. TalentWise, Inc.*, 9 F. Supp. 3d 1188 (W.D. Wash. 2014) (Dismissed criminal charges against consumer that were over seven years old, which were allegedly included in consumer report sent to consumer's employer, qualified as a

"record of arrest" and "adverse information" within meaning of the FCRA, as required for consumer to establish claim against agency for reporting information the FCRA prohibited it from disclosing.); *Serrano v. Sterling Testing Sys., Inc.*, 557 F. Supp. 2d 688, 689 (E.D. Pa. 2008) (Consumer stated a claim against a credit reporting agency for violation of the FCRA in disclosing the existence of outdated arrest records to its clients; even if such disclosures did not fall within the FCRA provision barring disclosure of "records of arrest," they nonetheless were prohibited by the general catchall provision barring disclosure of any other "item of adverse information" that was over seven years old.).

Perry, however, fails to state a claim against Cox under § 1681c as the statute expressly prohibits "consumer reporting agencies" from including certain information in a consumer report.  15 U.S.C. § 1681c(a).  Perry alleges that Cox is a "furnisher of information" as defined under the FCRA.  Filing No. 12 at 3, ¶ 5.  Nowhere in his Amended Complaint does Perry allege that Cox is a CRA nor does he allege facts suggesting so. Rather, Perry alleges Cox permitted Brown to open a fraudulent account, reported the debt accumulated by Brown to collections, and inaccurately attributed the debt to Perry's "collection report/record."  *Id.* at 9–10, ¶¶ 42, 45.  Thus, Perry's § 1681c claim against Cox will be dismissed without prejudice.

### 2. Count II – *15 U.S.C. § 1681e(a)*

Perry next alleges Cox, Experian, and Lexis willfully or negligently violated 15 U.S.C. § 1681e(a) "by failing to maintain reasonable procedures to avoid reporting obsolete[,] adverse public record information about [Perry]."  Filing No. 12 at 14, ¶ 64. Section 1681e(a) requires CRAs to "maintain reasonable procedures designed to avoid violations of section 1681c of [the FCRA]."  15 U.S.C. § 1681e(a).  Given the Court's

conclusion above that Perry has alleged a violation of 1681c, the Court will permit Perry's § 1681e(a) claim to proceed against Experian and Lexis.  However, Perry's claim under this provision is dismissed without prejudice as to Cox because Cox is not a CRA to whom § 1681e(a) applies.

### 3.  *Count III – 15 U.S.C. § 1681e(b)*

In Count III, Perry claims Cox, Experian, and Lexis violated 15 U.S.C. § 1681e(b) "by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report furnished regarding Perry."  Filing No. 12 at 16, ¶ 72.  Section 1681e(b) requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).  "As a threshold requirement in establishing a prima facie violation of section 1681e(b), a consumer must show that a credit[ ]reporting agency prepared a report containing inaccurate information."  *Neal v. CSC Credit Servs., Inc.*, No. 8:02CV378, 2004 WL 628214, at *3 (D. Neb. Mar. 30, 2004) (citing *Wilson v. Rental Research Servs., Inc.*, 165 F.3d 642, 644 (8th Cir.1999), *vacated*, 191 F.3d 91, *on rehear'g, rev'd by an equally divided court*, 206 F.3d 810 (8th Cir.2003) (en banc)).

Giving Perry's allegations the benefit of the most liberal construction, the Court concludes that Perry's claims under § 1681e(b) against Experian and Lexis may proceed. Perry alleges Lexis is publishing the inaccurate information related to Brown and attributing the information to Perry in its public records database.  Filing No. 12 at 12, ¶ 51.  Perry further alleges that he has disputed the same inaccurate information on his report with Experian.  *Id.* at 9, ¶ 42.  As with Perry's previous claims, though, Perry's claim

against Cox will be dismissed without prejudice as Cox is not a CRA to which § 1681e(b) applies.

### 4. Count IV – 15 U.S.C. § 1681k

Perry alleges in Count IV of the Amended Complaint that Cox, Experian, and Lexis "violated 15 U.S.C. § 1681k by failing to notify Plaintiff it was reporting public record information about him and failing to maintain strict procedures to ensure that the public record information it was reporting was complete and up to date." Filing No. 12 at 17, ¶ 81. Section 1681k provides:

> A consumer reporting agency which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall—
>
> > (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or
> >
> > (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

15 U.S.C. § 1681k(a). Section 1681k "deals with the procedures consumer reporting agencies must follow when collecting and transmitting information *in an employment context* and creates heightened standards for procedures used to collect that information." *Brown v. Lowe's Companies, Inc.*, 52 F. Supp. 3d 749, 758 (W.D.N.C. 2014) (emphasis added) (footnote omitted) (citing *Dalton v. Capital Associated Indus.*, 257 F.3d 409, 417 (4th Cir.2001)).

14

Up to this point, the Court has been generous in its liberal construction of Perry's Amended Complaint, but no amount of liberal construction will save Perry's § 1681k claim as currently pleaded.  Simply put, there are no factual allegations suggesting the CRAs, Experian and Lexis, furnished a consumer report about Perry for employment purposes. *See Meyer v. Nat'l Tenant Network, Inc.*, 10 F. Supp. 3d 1096, 1103 (N.D. Cal. 2014) (plaintiffs' § 1681k claim failed where plaintiffs failed to include any plausible allegation that defendant credit reporting agency knew or should have known that consumer report was to be used for employment purposes).  The only factual allegations regarding a consumer report provided for employment purposes are the facts relating to the background check report prepared by FDS.  *See* Filing No. 12 at 5–8.  Similarly, this claim also fails against Cox as there are no allegations it provided a consumer report for employment purposes and because Cox is not alleged to be a CRA.  Accordingly, the Court will dismiss Count IV of the Amended Complaint without prejudice to amendment upon a proper motion filed by Perry.  *See* Fed. R. Civ. P. 15(a); NECivR 15.1(a).

### 5.  *Count X – Negligent Noncompliance with 15 U.S.C. § 1681s-2(b)*

In Count X, Perry alleges he furnished notices of his dispute of the erroneous and false information on his consumer/credit report to Cox and Lexis pursuant to 15 U.S.C. § 1681s-2(a)(1)[6] and Cox and Lexis also received notice of Perry's dispute from FDS, Lexis,

---

[6] Section 1681s-2(a)(1) provides, in relevant part: "A person shall not furnish information relating to a consumer to any consumer reporting agency if--(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate."  15 U.S.C. § 1681s-2(a)(1)(B).  For the sake of completeness, the Court notes there is no private cause of action against a furnisher under § 1681s-2(a).  *Lewis v. Navient Sols., Inc.*, No. 4:13-CV-00826-BCW, 2015 WL 10936762, at *5 (W.D. Mo. Jan. 22, 2015), *aff'd*, 618 F. App'x 301 (8th Cir. 2015).

Experian, and Credence pursuant to 15 U.S.C. § 1681i(a)(2).[7]  Despite receiving notices, Perry claims Cox and Lexis failed to conduct an investigation of the disputed information, failed to review all relevant information provided to them, and were negligent in their failure to comply with 15 U.S.C. § 1681s-2(b).  Perry further alleges Cox and Lexis "continued to furnish false information to the consumer reporting agencies which in []turn published this information on Perry's credit and background checks."  Filing No. 12 at 24, ¶ 121.

A consumer may maintain a private cause of action against a furnisher of information for failing to conduct an investigation after the consumer disputed information and to report inaccuracies to credit reporting agencies.  *Hurocy*, 371 F. Supp. 2d at 1060.  "[T]he duties of . . . a furnisher of credit information under 15 U.S.C. § 1681s–2(b) are triggered by notice that its information is being disputed from a CRA, not from the consumer."  *Anderson v. EMC Mortg. Corp.*, 631 F.3d 905, 907 (8th Cir. 2011).

> Upon receiving a notice of dispute from a credit reporting agency, a furnisher of information must:
>
> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency . . . ;
>
> (C) report the results of the investigation to the consumer reporting agency; [and]

---

[7] Section 1681i(a)(2) addresses a CRA's obligation to provide prompt notice of a dispute to a furnisher of information and provides, in relevant part:

> Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

15 U.S.C.A. § 1681i (a)(2)(A).

> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

*Hurocy*, 371 F. Supp. 2d at 1060 (quoting 15 U.S.C. § 1681–2(b)(1)).

Here, Perry alleges he disputed the accuracy of the information on his consumer report with CRAs Experian and Lexis, both Cox and Lexis received notice of that dispute from Experian among others, and Cox and Lexis failed to conduct an investigation and continued to report the inaccurate information to the CRAs. Liberally construed, Perry has alleged a claim for negligent noncompliance with § 1681s-2(b) against Cox and Lexis. *See Boyd*, 2023 WL 346004, at *4 ("As to a furnisher of information, to state a claim for violation of the FCRA, 'a plaintiff must establish (1) a dispute regarding the accuracy or completeness of information from the CRA; (2) notice of the dispute from the CRA to the furnisher; and (3) the furnisher's failure to conduct an investigation, correct any inaccuracies, or notify the CRA of the results of the investigation.'" (quoting *Echols v. Cavalry Portfolio Services, LLC*, 2021 WL 426255, at *2 (E.D. Mo. Feb. 8, 2021))).

### 6. *Count XI – Willful Noncompliance with 15 U.S.C. § 1681s-2(b)*

Perry alleges he furnished notices to Cox, Lexis, and Experian "that he disputed the accuracy of the information on his consumer credit/consumer report regarding the false account with [Cox]." Filing No. 12 at 25, ¶ 127. Defendants received notice of Perry's dispute from "Defendants Cox, LexisNexis, and Experian, after [Perry] repeatedly submitted substantial documents numerous times to the Defendants pursuant to 15 U.S.C. § 1681i(a)(2)." *Id.*, ¶ 128. Despite receiving notices, Cox, Lexis, and Experian failed to conduct an investigation and to review all relevant information as required under

17

§ 1681s-2(b)(1), and Defendants "continued to furnish false, derogatory and inaccurate information to the [CRAs] which in turn published information on [Perry's] credit/consumer reports." *Id.* at 25–26, ¶ 129.

As with Perry's previous claim, the Court concludes the Amended Complaint, when liberally construed, states a claim for relief against Cox and Lexis for willful noncompliance with 15 U.S.C. § 1681s-2(b).  Perry's allegation that Defendants continued to furnish the false, inaccurate information to the CRAs despite Perry's repeated submission of documents disputing the accuracy could be considered "conduct evidencing a reckless disregard [or] actions that involve 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Edeh v. Equifax Info. Servs., LLC*, 974 F. Supp. 2d 1220, 1245 (D. Minn. 2013), *aff'd*, 564 F. App'x 878 (8th Cir. 2014) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68 (2007)).

However, the Court cannot infer from the Amended Complaint that Experian is a furnisher of information within the purview of § 1681s-2(b).  Perry alleges Experian is a CRA within the meaning of the FCRA, Filing No. 12 at 3, ¶ 7, and there are no facts alleged suggesting that Experian furnished any information about Perry to a CRA.  In contrast, while Lexis is also alleged to be a CRA, *Id.*, ¶ 6, Perry alleges that Lexis is publishing false information about Perry in its public records database and providing this information to CRAs.  Though minimal, such facts permit an inference that Lexis is furnishing inaccurate public record information to CRAs, and, therefore, the Court has permitted Perry's claims to proceed against Lexis.  Because they are no facts alleged suggesting Experian furnished any information to a CRA, the Court will dismiss Perry's § 1681s-2(b) claim against it.

### 7. Count XII – 15 U.S.C. § 1681i

Finally, Perry alleges Cox, Lexis, and Experian violated the FCRA by failing to perform a reasonable reinvestigation under 15 U.S.C. § 1681i after Perry directly notified Defendants, orally and in writing, that he disputed the information on his consumer report. Under § 1681i,

> when a consumer directly disputes a debt with a credit reporting agency, the agency must "conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" if it is "inaccurate, incomplete, or cannot be verified." 15 U.S.C. § 1681i(a)(1)(A); 15 U.S.C. § 1681i(a)(5)(A). In other words, "if a consumer notifies a CRA of a dispute regarding the completeness or accuracy of information contained in the consumer's credit report, the CRA is required to conduct a reasonable reinvestigation of the disputed information and determine whether the information is inaccurate." *Ketsenburg v. ChexSystems, Inc.*, 2021 WL 963495, at *2 (E.D. Mo. Mar. 15, 2021).

*Boyd*, 2023 WL 346004, at *3.

Clearly, the requirement to conduct a reasonable reinvestigation in § 1681i applies only to CRAs. As Cox is not alleged to be a CRA, Perry's § 1681i claim fails against Cox and will be dismissed without prejudice. This claim will be allowed to proceed against the CRAs, Lexis and Experian.

### 8. State Law Claims

Perry alleges various state law claims against Defendants including negligence, tortious interference with employment, and defamation claims against Cox, Lexis, and Experian. Filing No. 12 at 19–23. At this time, the Court makes no finding with respect to its jurisdiction over these claims or whether they state a claim upon which relief may

be granted.[8]  In order to ensure a just and fair resolution of this matter, Perry's state law

claims will be allowed to proceed to service of process against Defendants.

## III.  OTHER PENDING MOTIONS

### A. Motion for TRO and Preliminary Injunction

Perry moves, pursuant to 15 U.S.C. § 1116[9] and Fed. R. Civ. P. 65, for a temporary

restraining order and a preliminary injunction enjoining and restraining Defendants from:

> 1.  Using any of Plaintiff's consumer/background/credit reports or confusingly similar derivative adverse furnished information thereof, including the name "Russell S Brown" to consumer/background/credit reports of Plaintiff Mr Perry reports.

> 2.  Using the name "Russell S Brown" in connection with Plaintiff Mr Perry Identity/character and representing itself as an authorized owner of Plaintiff's and engaging in behavior that might lead the public to believe that Defendant "Russell S Brown" is authorized to be Plaintiff Mr Perry, which encompasses specialty identification, social security number and forms of personal information from Plaintiff ("Russell T Perry ").

> 3.  Advertising and furnishing the Defendant "Russell S Brown" on Plaintiff's Mr Perry public record System or any component of the Public Records System, including the name 'Russell S Brown' and felonies belonging to Defendant Russell S Brown;

> 4.  Otherwise infringing upon Plaintiff's personal information;

> 5.  Unfairly and with intent to deprive the Plaintiff in any manner whatsoever; and

> 6.  Causing a likelihood of confusion or injury to the reputation of Plaintiff.

---

[8] *But see Gordon v. Greenpoint Credit*, 266 F. Supp. 2d 1007, 1013 (S.D. Iowa 2003) (concluding plaintiffs' state law claims for negligence and defamation not preempted by § 1681h(e) where plaintiffs alleged defendants "furnished inaccurate information and failed to undertake the required investigation to correct the error either knowingly or with reckless disregard for the truth").

[9] Section 1116 vests courts "with jurisdiction of civil actions arising under" Chapter 22 of Title 15 relating to trademarks with "power to grant injunctions." 15 U.S.C. § 1116.  The section is inapplicable here as this action does not involve any alleged trademarks.

Filing No. 8 (punctuation as in original); *see also* Filing No. 17, Case No. 8:23CV121; Filing No. 20, Case No. 8:23CV122; Filing No. 16, Case No. 8:23CV125.

The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Plaintiff's motion for injunctive relief.  In *Dataphase*, the Eighth Circuit, sitting *en banc*, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction will inflict on the other interested parties; (3) the probability the movant will succeed on the merits; and (4) whether the injunction is in the public interest. *Id.* at 114.

"No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction."  *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998).  "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. . . ." *Dataphase*, 640 F.2d at 113.  The burden of proving that a preliminary injunction should be issued rests entirely with the movant.  *Modern Computer Systems v. Modern Banking Systems*, 871 F.2d 734, 737 (8th Cir. 1989) (en banc) (superseded by state statute on other grounds).

Here, the Court finds that the *Dataphase* factors do not favor Perry to a degree sufficient to warrant issuance of preliminary injunctive relief.  Perry's motion for preliminary injunctive relief, Filing No. 8, does not set forth any argument or evidence showing any probability that he will succeed on the merits of the Complaint.[10]

---

[10]  The Court also notes Perry has offered no support for his statement in his Motion for TRO that he "has no adequate remedy at law."  Filing No. 8 at 3.  For instance, nowhere in his motion or Amended Complaint

Furthermore, Plaintiff has not filed an affidavit or verified complaint clearly showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," Fed. R. Civ. P. 65(b), as he is required to do when requesting injunctive relief without notice to the defendants.  While Perry did file affidavits approximately six days after he filed his motion for preliminary injunctive relief, Filing Nos. 14 & 15, Case No. 8:23CV121; Filing No. 18, Case No. 8:23CV122; Filing No. 14, Case No. 8:23CV125,[11] and again on August 14, 2023 with his essentially duplicate motions, Filing No. 17-1, Case No. 8:23CV121; Filing No. 20-1, Case No. 8:23CV122; Filing No. 16-1, Case No. 8:23CV125, the affidavits merely elaborate on the Amended Complaint's factual allegations of past harm and do not demonstrate that injunctive relief is necessary before Defendants can be heard.  In light of this, and in consideration of all of the factors, the Court finds "interven[tion] to preserve the status quo until the merits are determined" is not warranted at this time.  *Dataphase*, 640 F.2d at 113.

Therefore, Plaintiff's Motion for TRO and Preliminary Injunction will be denied.  *See Trenton Indian Serv. Area v. Loudermilk*, No. 4:12 CV 143, 2013 WL 12109416, at *1 (D.N.D. July 30, 2013) (denying "perfunctory request[]" for temporary restraining order and preliminary injunction in complaint due to plaintiff's failure to comply with Fed. R. Civ. P. 65(b) and to present the court "with anything other than the brief statements contained in the complaint requesting a preliminary injunction"); *see also Vice v. Kaemingk*, No. 4:16 CV 04127 KES, 2016 WL 7263736, at *4 (D.S.D. Dec. 15, 2016) ("At this stage, [the

_____

does Perry allege that he has attempted to request a fraud alert under the identity theft provisions of the FCRA or that Defendants have failed to fulfill their duties in relation to any such request.  *See* 15 U.S.C. §§ 1681c-1 and 1681c-2.

[11] Perry electronically filed the affidavits and docketed them as "motions."  As the affidavits seek no specific relief from the Court, the Court will direct the Clerk's office to terminate the motion events and update the docket text to reflect that the filings are affidavits.

plaintiff] cannot show that he is likely to succeed on the merits.  He has only stated a claim upon which relief may be granted.  The defendants have not been served and have not had a chance to respond.  Therefore, [the plaintiff's] motions for a temporary restraining order and preliminary injunction are denied.").

### B.  Motion for Hearing

Perry filed a Motion for Hearing in which he requests an order consolidating his cases, to allow him to file his Amended Complaint, and for a hearing on his Motion for TRO and Preliminary Injunction.  Filing No. 11.  For the reasons stated above, Perry's request to amend his complaint is granted.  The remainder of Perry's Motion for Hearing is denied as moot as the Court granted his Motion to Consolidate and denied his Motion for TRO and Preliminary Injunction.

### C.  Motion for Exemption from PACER[12] Fees

Perry files a renewed request for exemption from payment of the Electronic Public Access Fee ("PACER User Fee") prescribed in accordance with 28 U.S.C. § 1914.  Filing No. 13, Case No. 8:23CV121; Filing No. 17, Case No. 8:23CV122; Filing No. 13, Case No. 8:23CV125.  The Court denied Perry's previous request for an exemption on June 1, 2023, Filing No. 7, because Perry has been granted electronic filing access in this case and thus is automatically exempted from the PACER User Fee as set forth in NEGenR 1.3(a)(1)(A)(i).  Perry receives a free initial electronic copy of any document filed in this case to which he is entitled to receive service.  Given this automatic exemption from the PACER User Fee, the Court again concludes that a discretionary exemption is unnecessary to avoid unreasonable burdens on Perry, particularly where Perry offers no

---

[12]  PACER  is  the  abbreviation  for  the  Public  Access  to  Court  Electronic  Records  system, https://pacer.uscourts.gov.

explanation as to why he requires an exemption beyond the automatic exemption to which he is entitled. Accordingly, Perry's Motion for Exemption from PACER Fees is denied.

## IV. CONCLUSION

Pursuant to Fed. R. Civ. P. 42(a), the Court consolidates Case Nos. 8:23CV121, 8:23CV122, and 8:23CV125 and grants Perry leave to file his Amended Complaint, which is the operative pleading in the consolidated cases. Liberally construed, the Amended Complaint states claims upon which relief may be granted for violations of the FCRA against Cox, Lexis and Experian. However, the Court cautions Perry that this is only a preliminary determination based on the allegations found within the Complaint. This is not a determination of the merits of Perry's claims or potential defenses thereto. This matter will proceed to service of process on Perry's FCRA claims as more specifically set forth below, along with Perry's state law claims against Cox, Lexis, and Experian. All claims alleged against Brown in the Amended Complaint are dismissed without prejudice pursuant to the Memorandum and Order and Judgment dismissing Case No. 8:23CV120. Filing Nos. 18 & 19, Case No. 8:23CV120.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's Motion to Consolidate, Filing No. 10, Case No. 8:23CV121; Filing No. 14, Case No. 8:23CV122; Filing No. 10, Case No. 8:23CV125, is granted to the extent that the above-captioned cases shall be in all respects consolidated. Case No. 8:23CV121 shall be designated the Lead Case and all future filings shall be made in that case. The Clerk of Court is instructed to accept no further filings in the Member Cases, Case Nos. 8:23CV122 and 8:23CV125.

2.      Plaintiff's Motion for Hearing, Filing No. 11, Case No. 8:23CV121; Filing No. 15, Case No. 8:23CV122; Filing No. 11, Case No. 8:23CV125, is granted in part, and denied in part as follows:

a.      Plaintiff's request to amend his complaint is granted, and the Amended Complaint, Filing No. 12, Case No. 8:23CV121; Filing No. 16, Case No. 8:23CV122; Filing No. 12, Case No. 8:23CV125, is the operative pleading.

b.      The remainder of the motion is denied as moot.

3.      The Clerk of Court is directed to update the caption of the above-captioned cases to list "Cox Communications," "LexisNexis," and "Experian Credit Bureau" as the defendants.  The Clerk is further directed to terminate "Pamela L." and "Lea Ann Sumrall" as defendants in Case No. 8:23CV121, and they are dismissed as parties to this action.

4.      Plaintiff's Motions for TRO and Preliminary Injunction, Filing Nos. 8 & 17, Case No. 8:23CV121; Filing Nos. 12 & 20, Case No. 8:23CV122; Filing Nos. 8 & 16, Case No. 8:23CV125, and Motion for Exemption from PACER Fees, Filing No. 13, Case No. 8:23CV121; Filing No. 17, Case No. 8:23CV122; Filing No. 13, Case No. 8:23CV125, are denied.

5.      The Clerk of Court is directed to terminate the motion events for Filing Nos. 14 & 15 in Case No. 8:23CV121, Filing No. 18 in Case No. 8:23CV122, and Filing No. 14 in Case No. 8:23CV125, and to update the docket text for each of those filings to identify the filing as an "Affidavit."

6.      The Clerk of Court is further directed to terminate the motion events for Filing No. 16 in Case No. 8:23CV121, Filing No. 19 in Case No. 8:23CV122, and Filing

No. 15 in Case No. 8:23CV125 and to update the docket text for each of those filings to "Amended List of Exhibits."

7.    The following claims will be dismissed or proceed further as described below:

   a.    Plaintiff's FCRA claims against Lexis and Experian in Counts I, II, III, and XII of the Amended Complaint and against Cox and Lexis in Counts X and XI may proceed to service of process.

   b.    Perry's state law claims in Counts VI, VII, VIII, and IX of the Amended Complaint may proceed to service of process against Cox, Lexis, and Experian.

   c.    Perry's claims against Cox in Counts I, II, III, and XII and against Experian in Count XI are dismissed without prejudice.

   d.    Count IV of the Amended Complaint is dismissed without prejudice.

   e.    All claims alleged against Brown in the Amended Complaint, including those in Counts V, VI, and VIII, are dismissed without prejudice pursuant to the Memorandum and Order and Judgment dismissing Case No. 8:23CV120.  Filing Nos. 18 & 19, Case No. 8:23CV120.

8.    This matter may proceed to service of process against the Defendants  Cox Communications, LexisNexis, and Experian Credit Bureau.  To obtain service of process on the Defendants, Plaintiff must complete and return the summons forms that the Clerk of Court will provide.  The Clerk of Court shall send three summons forms and three USM-285 forms to Plaintiff, together with a copy of this Memorandum and Order.  Plaintiff shall,

as soon as possible, complete the forms for each Defendant and send the completed forms back to the Clerk of Court.  In the absence of the forms, service of process cannot occur.

9.    Upon receipt of the completed forms, the Clerk of Court will sign the summons forms and forward them together with the USM-285 forms and the necessary number of copies of the Amended Complaint, Filing No. 12, and of this Memorandum and Order to the United States Marshals Service for service of process on the Defendants Cox Communications, LexisNexis, and Experian Credit Bureau.  The Marshals Service shall serve the Defendants by certified mail or by using any of the other following authorized methods: personal, residence, or designated delivery service.  *See* Federal Rule of Civil Procedure 4(e), (h); Neb. Rev. Stat. § 25-509.01 (Reissue 2016).

10.   The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[13]

11.   Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint.  However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

12.   Plaintiff is hereby notified that failure to obtain service of process on the Defendants within 90 days of the date of this order may result in dismissal of this matter

---

[13] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service.  *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013).  Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases."  *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

without further notice.  A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

13.     The Clerk of Court is directed to set a case management deadline in this case with the following text: **November 14, 2023**: service of process to be completed.

14.     The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court.  Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

15.     Because this non-prisoner case is proceeding to service of process, and at the direction of the Court, this case is removed from the pro se docket.  The Clerk's office shall randomly assign new judges to this case and request a reassignment order from the Chief Judge.


Dated this 16th day of August, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge