IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUSSELL PERRY II,<br><br>          Plaintiff,<br><br>vs.<br><br>COX COMMUNICATIONS, LEXISNEXIS RISK SOLUTIONS, and EXPERIAN CREDIT BUREAU,<br><br>          Defendants. | 8:23CV121<br>8:23CV122<br>8:23CV125<br><br><br>ORDER |

    This matter comes before the court on the Plaintiff's Motion for Injunctive Relief and/or Writ of Mandamus to Compel Release of Fingerprint and Identity Records. (Filing No. 115). For the following reasons, the motion is denied.

### I.    BACKGROUND

    On March 30, 2023, Plaintiff sued Cox Communications ("Cox"), LexisNexis Risk Solutions ("Lexis"), Experian Credit Bureau ("Experian"), and Russell Brown ("Brown") in four separate actions, alleging violations of the Fair Credit Reporting Act ("FCRA") and state law claims of negligence, tortious interference with employment, and defamation. Plaintiff filed an Amended Complaint on July 24, 2023. (Filing No. 12). Plaintiff alleges that Russell Brown used Plaintiff's social security number to open an account with Cox, which he discovered after he was denied an employment opportunity due to a background check that inaccurately contained criminal and debt history belonging to Brown. (Filing No. 18). In the years that followed, the inaccurate information from Brown appeared in

several more background checks involving Perry, affecting his employment, housing, and consumer and credit report. (Filing No. 12). On August 16, 2023, the action against Mr. Brown was dismissed for lack of subject matter jurisdiction, and the remaining three actions were consolidated. (Filing No. 18). After several parties filed Motions to Dismiss the Amended Complaint, the court concluded that Plaintiff stated some viable claims for relief against Lexis, Cox, and Experian, and dismissed many other counts. (Filing No. 96). The court then issued a Final Progression Order (Filing No. 108), and the matter is now in the early stages of discovery.

Now before the court is Plaintiff's Motion for Injunctive Relief and/or Writ of Mandamus to Compel Release of Fingerprint and Identity Records. (Filing No. 115). Specifically, Plaintiff moves the court for an order compelling the Federal Bureau of Investigation ("FBI"), a nonparty, to "immediately produce all fingerprint and identity records relating to Plaintiff, including but not limited to the Identity History Summary (commonly known as a "rap sheet"), which are essential to Plaintiff's ability to litigate this case effectively." (Filing No. 115). Plaintiff alleges that he made several Freedom of Information Act ("FOIA") requests to the FBI seeking copies of his records, most recently on July 22, 2025. (Filing No. 115-2). He further states that, although he has made many good faith efforts to communicate with the FBI, they have not produced any records or provided any substantive response. He claims this delay is causing him significant prejudice and obstructing his ability to litigate this case. (*Id.*) Now, he seeks this court's intervention to compel the FBI to respond to his FOIA requests and turn over the documents he seeks.

## II.    ANALYSIS

Plaintiff moves the court for injunctive relief or a writ of mandamus compelling the FBI to respond under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Privacy Act of 1984, 5 U.S.C. § 552a, and the All Writs Act, 28 U.S.C. § 1651(a). (Filing No. 115). In accordance with the All Writs Act, the mandamus statute provides that the "district courts shall have original jurisdiction of any action in the nature of mandamus to

compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The Supreme Court further stated that this statutory form of mandamus is "an extraordinary remedy ... [which] will issue only to compel to performance of 'a clear nondiscretionary duty.'" *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121, 109 S.Ct. 414, 102 L.Ed.2d 408 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984)). Whether a writ of mandamus should issue is largely a matter within the district court's discretion. *See In re MidAmerican Energy Co.*, 286 F.3d 483, 486 (8th Cir.2002) (*per curiam*).

By the plain reading of the statute, the court finds this mandamus action is procedurally improper, as Plaintiff seeks an order compelling a nonparty governmental agency to take action. Mandamus is available to a "plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984); *see also Mitchael v. Colvin*, 809 F.3d 1050, 1054 (8th Cir. 2016). Plaintiff fails to demonstrate that the Defendants owe him a clear nondiscretionary duty. The FBI is a not a party to this case. The Defendants here are not officers or employees of the United States or any agency thereof, and Plaintiff has not alleged any relevant government action which would allow mandamus to issue.

Plaintiff also has no remedy here under FOIA. To begin, Plaintiff only provided evidence of one FOIA request filed at 11:00 a.m. on July 22, 2025. (Filing No. 115-2). Apparently frustrated by the lack of an immediate response, he filed this motion the next day. FOIA requires federal agencies to make most of their records "promptly available" to "any person" upon request. 5 U.S.C. § 552(a)(3)(A); *see Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 895 F.3d 770, 774–75 (D.C. Cir. 2018) (summarizing the procedures governing a FOIA request). However, to succeed in a FOIA action, a plaintiff must show "that an agency has (1) improperly; (2) withheld; (3) agency records." *Kissinger v. Reporters Comm. For Freedom of the Press*, 445 U.S. 136, 150 (1980) (citation modified). Plaintiff only alleges that the FBI has not responded, not that they have affirmatively withheld documents. Moreover, a FOIA dispute must be handled separately. By its plain

terms, the FOIA statute envisions that federal courts will hear challenges to FOIA decisions *in distinct lawsuits* brought under FOIA because the statute explicitly directs a requester to challenge an adverse FOIA determination "on complaint," i.e. by filing a complaint to initiate a lawsuit in federal court. *See, e.g.* Lincoln Nat'l Bank v. Lampe, 421 F. Supp. 346, 348 (N.D. Ill. 1976). There is no evidence that Plaintiff has done so and he cannot initiate a new lawsuit within this case.

It appears that Plaintiff still has other potential remedies available to him to acquire information, both through discovery and/or administratively. As such, the court cannot offer Plaintiff the relief he seeks in his motion.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Injunctive Relief and/or Writ of Mandamus to Compel Release of Fingerprint and Identity Records (Filing No. 115) is denied.

Dated this 20th day of August, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge