IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUSSELL PERRY II,<br><br>        Plaintiff,<br><br>vs.<br><br>COX COMMUNICATIONS, LEXISNEXIS RISK SOLUTIONS, and EXPERIAN CREDIT BUREAU,<br><br>        Defendants. | 8:23CV121<br><br>ORDER |

This matter comes before the court on Plaintiff's Motion for Leave to file a Second Amended Complaint. (Filing No. 132).[1] Plaintiff seeks to add as new parties Equifax Information Services LLC ("Equifax"), RealPage Inc. d/b/a LeasingDesk Screening ("LeasingDesk"), and Credence Global Solutions LLC ("Credence") as additional defendants. He affirmatively represents that he does not seek to add any new causes of action or alter any previously raised claims, but Defendant Cox Communications ("Cox") takes some issue with this. For the following reasons, the motion is denied.

### I.   BACKGROUND

On March 30, 2023, Plaintiff sued Cox, LexisNexis Risk Solutions ("Lexis"), Experian Credit Bureau ("Experian"), and Russell Brown ("Brown") in four separate actions, alleging violations of the Fair Credit Reporting Act ("FCRA") and state law claims of negligence, tortious interference with employment, and defamation. (Filing No. 1).

---

[1] Plaintiff filed the motion without clearly identifying his proposed amendments as required by our local rules, NECivR 15.1. While the court finds the issues are sufficiently identified and may be addressed, it reminds the parties that compliance with the local rules is expected.

Plaintiff filed an Amended Complaint on July 24, 2023. (Filing No. 12). On August 16, 2023, the action against Brown was dismissed for lack of subject matter jurisdiction, and the remaining three actions were consolidated. (Filing No. 18). After several parties filed Motions to Dismiss the Amended Complaint, the court concluded that Plaintiff stated some viable claims for relief against Lexis, Cox, and Experian, and dismissed many other counts. (Filing No. 96).

On July 16, 2025, the court entered a Final Progression Order, which set a deadline of September 15, 2025, for moving to amend pleadings or add parties. (Filing No. 108). Now before the court is Plaintiff's Motion for Leave to add Equifax, LeasingDesk, and Credence as defendants. Plaintiff claims that he is not adding any new causes of action or altering any claims against the original defendants and that "recent discovery in October 2025 revealed the indispensability of the newly named defendants' involvement." (Filing No. 132, at p. 3). While Plaintiff represents that he does not add any new claims in his proposed pleading, it appears he wishes to add a "claim" against Cox and Credence for violation of 15 U.S.C. 1681s-2(b). (Filing No. 132-1, Count III).

## II.    LEGAL STANDARD

If a party files a motion to amend after the deadline for amending pleadings or adding parties lapsed, the court must first analyze whether that party showed good cause to modify the progression order. See *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). Good cause to amend a complaint after the deadline has passed "may be shown by pointing to a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading." *Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020) (citing *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman*, 532 F.3d at 716-17 (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). The court has substantial discretion in ruling on a motion for leave to amend under Rule 15(a)(2). See *Wintermute v. Kansas Bankers Sur.*

Co., 630 F.3d 1063, 1067 (8th Cir. 2011). "Only after the movant has shown good cause to modify the scheduling order under Rule 16(b) may the court consider whether the amendment is permitted under Rule 15(a)." *Sheng Int'l Co. v. Prince Americas, LLC*, No. 8:20-CV-124, 2021 WL 4943686, at *8 (D. Neb. Oct. 22, 2021) *citing Sherman*, 532 F.3d at 716.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Leave should generally be granted unless there is a good reason for denial, such as "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Doe v. Cassel*, 403 F.3d 986, 990-91 (8th Cir. 2005) (citation omitted); see *Stricker v. Union Planters Bank, N.A.*, 436 F.3d 875, 878 (8th Cir. 2006). There is no absolute right to amend. *Cassel*, 403 F.3d at 990. Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Gamma-10 Plastics, Inc. v. American President Lines, Ltd.*, 32 F.3d 1244, 1255 (8th Cir. 1994).

### III. ANALYSIS

The deadline to amend has expired. Accordingly, the court must first determine whether Plaintiff has shown good cause to modify the progression order out of time, and finds that he has not. *Popoalii*, 512 F.3d at 497. In his motion, Plaintiff argues that the amendment is necessary to add new parties after "recent discovery in October 2025 revealed the indispensability of the newly named defendants' identity." (Filing No. 132, at p. 3). But it does not appear that this information is new. Plaintiff alleged detailed interactions with both Credence and LeasingDesk in his Amended Complaint filed some two and a half years ago, on or about July 24, 2023. (Filing No. 12, at paras. 45, 47-49, 120, 124) (asserting for example that reports furnished by LeasingDesk showed false information about him and that Credence was a collection agency intimately involved in the debt collection activities at issue).

Notably, Plaintiff did not submit in support of his motion the evidence he claims is new. While it does appear he has submitted various documents entitled "Police Report, Disputes, & More All Evidence" as part of other filings, those documents were not filed with his motion for leave. (*See e.g.* Filing No. 130, Filing No. 131, Filing No. 133). But even upon a review of those additional documents, there is simply no indication that the identity of the new parties, in particular LeasingDesk and Credence, was previously unknown. It appears that Plaintiff had interactions with LeasingDesk as early as August 2022 (Filing No. 133-1, at pp. 40, 54), and Credence at some point in 2015. (Filing No. 133-1, at p. 31). Most, if not all, of Plaintiff's evidence or documents was sent directly to his email address years ago. It is unclear to the court why these parties were not previously named when Plaintiff reasonably knew of their potential involvement some time ago. Additionally, Plaintiff has not provided any evidence supporting his request to add Equifax as a party, as it is not named in any document Plaintiff has produced and is not otherwise mentioned in his previous pleadings. Because Plaintiff has not pointed to any newly discovered fact that would warrant the proposed amendment, he has failed to demonstrate good cause to amend.

The court has an inherent interest in keeping deadlines set in its progression orders. "Adherence to progression order deadlines is critical to achieving the primary goal of the judiciary: 'to serve the just, speedy, and inexpensive determination of every action.'" *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (*quoting* Fed. R. Civ. P. 1). "The district court has broad discretion in establishing and enforcing the deadlines." *Id.* (*citing* Fed. R. Civ. P. 16). This matter has been pending for several years and many of the progression deadlines have now passed. Written discovery is now closed and the deadline to file motions to compel have also lapsed. (Filing No. 108). The deadline to add parties was September 15, 2025, which would have allowed any new parties to meaningfully participate in written discovery. That opportunity has likewise passed. Without a showing of good cause, the motion for leave to amend now will be denied.

Defendant Cox further objects to the amendment arguing that Plaintiff does in fact seek to add a new claim, but that doing so would be futile. While Plaintiff represented in his motion that he was not seeking to add any new claims, it does appear that he now makes reference to a claim under 15 U.S.C. § 1681s-2(b) in his proposed amended complaint as part of "Count III - Violation of 15 U.S.C. § 1681s-2(b) (Failure to Investigate Following Notice of Dispute)." (Filing No. 132-1, at p. 5). Although Plaintiff briefly references the statute, this claim was not previously asserted in his Amended Complaint. Cox argues that the amendment is futile because that statute does not create an independent cause of action alone, but instead any civil liability for noncompliance must be made through 15 U.S.C. §§ 1681n and 1681o, which is already asserted. The issue of futility need not be decided because the court has already determined a lack of good cause for the amendment. But to Cox's point, it appears the addition of 15 U.S.C. § 1681s-2(b) is largely duplicative as Plaintiff's current pleading already asserts claims for civil liability under 15 U.S.C. §§ 1681n and 1681o for alleged noncompliance, which would potentially include any "Failure to Investigate Following Notice of Dispute" under § 1681s-2(b).[2]

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion for Leave to file a Second Amended Complaint (Filing No. 132) is denied.

Dated this 3rd day of December, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge

---

[2] The court has some concern with Plaintiff's representation in his motion that no new claims were added, when it appears this was not entirely accurate. Giving Plaintiff the benefit of the doubt, however, that no intentional efforts were made to misrepresent or deceive, the court cautions Plaintiff to review carefully the court's rules and ensure that statements made in filings are accurate and complete. *See, e.g., Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("*[P]ro se* litigants are not excused from failing to comply with substantive and procedural law").